UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVON RAPHEL CHUNN,

        Petitioner,

Case No. 1:18-cv-1071

v.

Honorable Paul L. Maloney

LES PARISH,

        Respondent.

_____/

## **OPINION**

      This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

### I. Factual allegations

Petitioner Davon Raphel Chunn is incarcerated with the Michigan Department of Corrections at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. Following a jury trial in the Macomb County Circuit Court, Petitioner was convicted of unlawful imprisonment, Mich. Comp. Laws § 750.349b, and three counts of assault with a dangerous weapon, Mich. Comp. Laws § 750.82. On August 25, 2015, the court sentenced Petitioner as a second habitual offender, Mich. Comp. Laws § 769.10, to prison terms of 48 to 180 months on the unlawful-imprisonment conviction and 12 to 72 months on each of the felonious-assault convictions.

Petitioner appealed his convictions and sentences to the Michigan Court of Appeals, raising three issues:

   I. OTHER ACTS TESTIMONY ALLEGING A CONTINUING DANGER TO SENIOR CITIZENS REQUIRES A NEW TRIAL

   II. WHERE FLIGHT IS ABSENT, IT WAS ERROR TO INSTRUCT THE JURY ON FLIGHT.

   III. SCORING OF OV1 AND OV3 WAS IMPROPER.

(Attach. to Pet., ECF No. 1-1, PageID.25.) In an unpublished opinion issued on March 2, 2017, the court of appeals rejected all appellate grounds and affirmed the convictions and sentences. *People v. Chunn*, No. 329764 (Mich. Ct. App. Mar. 2, 2017), http://publicdocs.courts.mi.gov/opinions/final/coa/20170302_c329764_65_329764.opn.pdf (last visited Oct. 17, 2018). Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same issues. The supreme court denied leave to appeal on September 12, 2017.

Petitioner filed his habeas corpus petition on or before September 13, 2018. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner has not supplied either that date or the date on which he signed his petition. The petition was received by the Court on September 13, 2018.

The petition raises two grounds for relief, as follows:

I. [T]he decision of the Michigan Supreme court should not be denied and upheld. Under U.S. Const. 6 and 14 amendment. In the Michigan Supreme Court a misjustice has occurred. When this court of the Michigan Supreme Court at issue one; two; three of the MCOA is clearly wrong important injustice to me. [T]he decision conflict with a Supreme Court decision issue two. MCOA decision is clearly wrong. Issue three should have been granted. All of which come from MCOA F. Randall Karfonta (P15713) Ineffective Assistance of counsel[.]

II. MCOA should have grant Leave to Appeal statements of Questions Presented (Exhibit B) the (issue one) other act testimony alleging a continuing danger to senior citizen; (Issue two) where flight is absent it was error to instruct the jury on flight; (Issue three) scoring of OV1 and OV3 was improper. Enter by MCOA F. Randall Karfonta (P15713). Where Ineffective and misleading and without proper investigation. Exhibit B[.]

(Pet., ECF No. 1, PageID.6-7.)

II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6

(1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). According to the habeas application, Petitioner raised three state-law issues in the Michigan appellate courts: the improper admission of other acts testimony; the improper giving of a flight instruction; and the improper scoring of two sentencing variables. While Petitioner's habeas grounds are not entirely clear, Petitioner appears to argue in Ground I that the state appellate courts' rejections of his three state-law claims also violated the Sixth and Fourteenth Amendments of the United States Constitution. He also states that his appellate attorney rendered ineffective assistance of counsel. In Ground II, Petitioner argues that the Michigan Supreme Court should have granted leave to appeal and should have reviewed his appellate grounds. He contends that appellate counsel was ineffective by providing misleading assistance on appeal without proper investigation of the issues. Thus, Petitioner appears to raise both his exhausted state-law claims and the following new claims: that the state-law issues also violated federal law and that appellate counsel was ineffective in not federalizing the claims and in failing to adequately investigate the issues.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c).

4

Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his unexhausted claims, Petitioner must file a motion for relief from judgment in the Macomb County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the

petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on September 12, 2017. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on December 11, 2017. Accordingly, absent tolling, Petitioner would have one year, or until December 11, 2018, in which to file his habeas petition. Petitioner filed his habeas petition on September 13, 2018.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[1]

---

[1]The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

At this juncture, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. If Petitioner fails to

meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claims. In the alternative, Petitioner may file an amended petition setting forth only his exhausted claims.

An Order consistent with this Opinion will be entered.


Dated: November 2, 2018                     /s/ Paul L. Maloney
                                            Paul L. Maloney
                                            United States District Judge